UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06 CR 469 |
| | ) | |
| NASEEM CHAUDHRY | ) | Hon. Joan H. Lefkow |

## AGREED PROTECTIVE ORDER

Upon the Defendant's agreed motion for a protective order, and the Court recognizing that certain individually identifiable health information will be and is hereby ordered to be produced in this matter it is hereby ORDERED as follows:

1.   CONFIDENTIAL MATERIAL shall refer to:

a.   Certain individually identifiable health information (defined in 45 CFR 160.103 and 160.501 including health information that is connected to a patient's name, address, Social Security number or other identifying number, including HIC number) produced by the United States to defendant, pursuant to defendant's discovery requests and the United States' legal obligations. Such information may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, or to the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records to any entity outside the United States. The United States shall produce these documents unredacted to the defendant.

b.   Any other materials produced by the United States and designated "confidential", including but not limited to grand jury transcripts, agency reports, witness statements, and memoranda of interview.

UHDOC 779611

1

2. If the Defendant disputes the designation by the United States of any document, thing or information as "confidential," the Parties shall attempt to resolve by agreement the question of whether or not what terms the documents, thing or information is entitled to confidential treatment. If the Parties are unable to agree whether or on what terms certain documents, things or information should be designated "confidential" then either Party may raise the matter with the Court for resolution. Until a resolution has been achieved the material shall be treated as confidential.

3. No document subject to this Order and designated as "confidential" may be disclosed to any person other than:

    a. The court and court personnel;

    b. The parties;

    c. Counsel of record;

    d. Associates, secretaries, paralegal assistants, consultants, experts, and other employees of record counsel who are engaged to assist counsel in the preparation of this action;

    e. Persons noticed for depositions or designated as trial witnesses in this action, and their counsel, to the extent deemed necessary by counsel of record; and

    f. Employees or representatives of any party who are involved in the prosecution and/or defense of this case.

4. All individuals identified in 3(e) and (f) and all consultants and experts as identified in 3(d) before seeing any "confidential" materials, shall first read this order and agree to be bound by its terms as per the form attached as Exhibit A. Counsel of record shall be responsible for

maintaining a list of and signed agreements of all persons to whom such confidential materials have been disclosed.

5. All "confidential" materials produced by the United States shall be used only in connection with the defense of this case (including any appeals or other related actions), and shall be either destroyed or returned at the end of this case whichever is requested by the United States.

6. If anyone subject to this Order inadvertently produces "confidential" material to an unauthorized person, that person shall take all reasonable steps to retrieve the "confidential" materials and shall immediately inform the Court of the facts underlying the inadvertent disclosure. Such inadvertent disclosure will not subject to the person to sanctions.

7. If anyone subject to this Order intentionally produces "confidential" materials to an unauthorized person, such person shall be subject to any civil sanctions authorized by law.

8. No document treated as "confidential" under this protective order may be filed under seal with the court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the Court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal.

9. A party who is granted leave to file a document under seal must file a redacted copy of the document for the public file. A copy of the redacted version must be submitted along with the motion for leave to file.

10. Any "confidential" materials shall not be copied or reproduced except so as to provide copies of the material for the use by each defense lawyer and defendant and such persons as are employed by them to assist in the defense and such copies and reproductions shall be treated in the same manner as the original matter.

06CR469

ENTER:

*[signature]*
JOAN H. LEFKOW
United States District Judge

Date: JAN 16 2007

UHDOC 779611

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 06 CR 469 |
| | ) | |
| NASEEM CHAUDHRY | ) | Hon. Joan H. Lefkow |

## EXHIBIT A

I hereby acknowledge that I have reviewed the attached Protective Order dated _____ 2007, and that I will comply with the terms of said Protective Order in all respects. I hereby expressly submit to the jurisdiction of this Court for the purpose of enforcing the Protective Order, including any contempt of court proceedings.

Dated this _____ day of _____, 2007.

_____